10144

STATE v. MARTIN.

(98 S. E. 129.)

LANDLORD AND TENANT — ABANDONMENT OF CONTRACT TO FARM LAND— CRIMINAL LIABILITY.—Defendant, who entered into contract whereby prosecutor was to pay him $7 a month and let him have five acres of land to cultivate as part payment of his wages, *held* not guilty of violating Cr. Code 1912, sec. 500, making violation of agreement to farm lands a misdemeanor, because he failed to work the five acres.

Before GARY, J., Clarendon, Fall term, 1917. Affirmed.

Junius Martin was indicted and tried before a magistrate upon a charge of abandoning land rented. He was convicted and sentenced, and appealed to the Circuit Court, which dismissed the prosecution, and the State appeals. Exception overruled.

The exception is as follows:

The Circuit Judge erred, it is respectfully submitted, in deciding that section 500 of the Code applied only to cases in which the land was rented for a cash rental and could not apply in cases where the rent was to be paid in labor; it being respectfully submitted that it is immaterial for the purpose

of the prosecution whether the plaintiff rented land for a money rental and failed to pay the rent and abandoned the land, or rented it upon a promise to perform labor as rent and failed to perform the labor and abandoned the land.

*Mr. Solicitor F. A. McLeod* and *Messrs. DuRant & Ellerbe,* for State-appellant. *Messrs. DuRant & Ellerbe* submit: *This·appeal involves a construction of section 500, Criminal Code 1912.*

*Mr. J. H. Lesesne,* for respondent.

February 1, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an appeal by the State. The whole case is summed up in this quotation from the order of the Circuit Judge. The appellant says:

" 'The prosecutor claims that he made a contract with the defendant by which he was to pay him $7 per month and let him have five acres of land as part payment of his wages, and that he also rented to him one acre of land, which one acre he abandoned without just cause or excuse. This prosecution cannot be maintained on account of defendant having abandoned the five acres mentioned in the contract for the reason that the defendant took the right to work this land as a part of his wages, and if he did not see fit to avail himself of the right to work it, such failure to work could not be regarded as an abandonment of farm land such as is contemplated in the statute.' "

"This involves a construction of section 500, Criminal Code 1912, which reads as follows:

" 'Sec. 500. *Violating Agreement to Farm Lands Made a Misdemeanor—Penalty.*—Any person or persons who shall hereafter go into possession of any farming land of another, or shall enter into a written agreement or contract to go into possession of the farming land of another, as a tenant or under a contract to farm and cultivate said land,

and shall, without just cause or excuse, leave, desert or quit the lands so leased or contracted for, shall be deemed guilty of a misdemeanor, and be fined not less than twenty-five dollars or more than one hundred dollars, or suffer imprisonment not less than five nor more than thirty days, in the discretion of the Court. Any person who shall violate any of the contracts mentioned in this section shall be deemed guilty of a misdemeanor, and be fined not less than twenty-five dollars nor more than one hundred dollars, or suffer imprisonment not less than five nor more than thirty days, in the discretion of the Court.' "

The statute under which the defendant was indicted provides a punishment for "any person who shall violate any of the contracts mentioned in this section." The prosecuting witness testifies:

"This agreement between us was, I was to give Junius Martin (the defendant) $7.00 per month and five acres of land and the mule and plow one day out of each week, to plow said five acres of land only. Also 3 lbs. of meat and 1 peck of meal each week during this contract beginning the 8th day of January and to work for nine months."

So far as the record shows, it was no more a crime to fail to work the land than to receive the money, meat, or meal.

There is but one exception, and that is overruled.